<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CHERICE MORRIS, : | **Civil Action No. 19-8473 (SRC)** |
| Plaintiff, : |  |
| : | **OPINION** |
| v. : |  |
| COMMISSIONER OF : |  |
| SOCIAL SECURITY, : |  |
| Defendant. : |  |

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the appeal by Plaintiff Cherice Morris ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning June 17, 2011. A hearing was held before ALJ Meryl L. Lissek (the "ALJ") on August 9, 2018, and the ALJ issued an unfavorable decision on November 23, 2018. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of November 23, 2018, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain additional exertional and non-exertional limitations. At step four, the ALJ also found that Plaintiff is unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with two principal arguments: 1) "the ALJ second decision refuses to comply with the Remand Order of the District Court" (Pl.'s Br. 11); and 2) the ALJ erred at steps three and four by failing to consider Plaintiff's severe impairments in combination.

Plaintiff's first argument asks this Court to, in essence, review the Commissioner's decision for compliance with the Opinion of the district court in a previous appeal in this social security case, and remand it for failure to comply. Plaintiff provides no authority for this argument, which asks this Court to go outside the scope of its statutory authority. This Court is authorized only to review the Commissioner's denial of benefits under the substantial evidence standard. 42 U.S.C. § 405(g). The Third Circuit has explained:

> The Secretary's decisions are subject to judicial review under Section 205(g) of the Act, 42 U.S.C. § 405(g), but the scope of that review is circumscribed. . . .
>
> If a district court rejects a finding pursuant to this [substantial evidence] standard, Section 205(g) authorizes the court to remand the case for rehearing before the agency. Furthermore, Section 205(g) provides that, if new material evidence

> becomes available after the conclusion of the administrative proceeding, a district court may order "additional evidence to be taken before the Secretary." And if any "additional or modified findings of fact" are made on remand, those findings are reviewable only to the same limited extent as the original findings. In short, Section 205(g) creates a scheme in which a district court may conduct a restricted review of the Secretary's findings and may remand a case for new findings, but this scheme makes no provision for a district court to make any findings of its own.

Grant v. Shalala, 989 F.2d 1332, 1338 (3d Cir. 1993). This speaks to the issue presently before this Court: the scope of a court's authority to conduct appellate review of the Commissioner's decisions is circumscribed by Section 205(g), and any modified findings of fact made on remand are reviewable "only to the same limited extent as the original findings." Id. Plaintiff now, on appeal after a previous remand, comes before this Court and asks for review of modified findings for compliance with the previous order of remand, but Grant makes clear that this Court may only review them to the same limited extent as the original findings. Plaintiff's first argument must be rejected as outside the scope of this Court's statutory authorization.

Plaintiff's remaining arguments, that the ALJ erred at steps three and four by failing to consider Plaintiff's severe impairments in combination, suffer from two principal defects: 1) they fail to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) they fail to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is

3

harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful. It is not enough to show the presence of an error. Pursuant to Shinseki, Plaintiff bears the burden of proving that she was harmed by this error. Plaintiff's brief, however, fails to recognize this. Instead of demonstrating that any alleged error was material and prejudicial, Plaintiff argues only that the ALJ erred. At steps three and four, Plaintiff bears the burden of proof of disability; on appeal, Shinseki requires, additionally, that Plaintiff show that an error was harmful. None of Plaintiff's arguments are even directed to satisfying the requirements of Shinseki. Since Plaintiff, on appeal, must demonstrate that an error was harmful, but has failed to do so, the Court concludes that Plaintiff has not satisfied the requirements of Shinseki.

Moreover, Plaintiff argues from a false premise, that the ALJ did not consider Plaintiff's obesity in combination with her other impairments, as required by the Third Circuit's decision in Diaz. As the Commissioner argues in opposition, the ALJ wrote the following at step three:

> There are no Listing criteria in Appendix 1 specific to the evaluation of obesity impairments. However, SSR 02-lp requires consideration of obesity in determining whether a claimant has medically determinable impairments that are severe, whether those impairments meet or equal any listing, and finally in determining the residual functional capacity. Obesity may have an adverse impact upon co-existing impairments. For example, obesity may affect the cardiovascular and respiratory systems, making it harder for the chest and lungs to expand and imposing a greater burden upon the heart. Someone with obesity and arthritis

4

> affecting a weight-bearing joint may have more pain and limitation than might be expected from arthritis alone. In addition, obesity may limit an individual's ability to sustain activity on a regular and continuing basis during an eight-hour day, five-day week or equivalent schedule. These considerations have been taken into account in reaching the conclusions herein at the second through fifth steps of the sequential disability evaluation process, even though no treating or examining medical source has specifically attributed additional or cumulative limitations to the claimant's obesity.

(Tr. 824.)   The ALJ expressly stated that she had considered the obesity in combination with other impairments at steps three and four.

Nonetheless, Plaintiff argues that the ALJ failed to comply with Third Circuit law, as stated in Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009).   This is not persuasive. In Diaz, the Third Circuit stated: "Were there any discussion of the combined effect of Diaz's impairments, we might agree with the District Court" (that the ALJ did not err.)   Id. at 504.   In the instant case, at step three, the ALJ presented the discussion, quoted above, of the combined effect of Plaintiff's obesity in combination with her other impairments.   Thus, the ALJ stated that she considered the issue, as required by Third Circuit law.   In Diaz, the ALJ made no reference to the consideration of obesity at step three.   Diaz is distinguishable.   Because, in the instant case, the ALJ stated that she considered the combined effect of obesity with the other severe impairments, and because the Diaz Court stated that any discussion might be sufficient, this Court concludes that the ALJ's statement that she considered the combination of impairments is sufficient under Third Circuit law.

Moreover, Plaintiff's Diaz argument has the effect of giving the Commissioner the burden of disproof of disability at step three, contrary to law.   Plaintiff bears the burden of proof at step three.   The Supreme Court has held: "For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed

5

impairment, he must present medical findings equal in severity to all the criteria for the one most similar listed impairment." Sullivan v. Zebley, 493 U.S. 521, 531 (1990). This is the law, and Diaz cannot be construed or applied so as to contradict Sullivan. Plaintiff did not even attempt to demonstrate that the medical findings are equal in severity to all the criteria for any Listing. The Commissioner bears no burden of disproof of equivalence.

Furthermore, SSR 02-1p, which is directed to the consideration of obesity in the sequential analysis, does not support Plaintiff's step three arguments, but weakens them:

> We will also find equivalence if an individual has multiple impairments, including obesity, no one of which meets or equals the requirements of a listing, but the combination of impairments is equivalent in severity to a listed impairment.
> . . .
> However, we will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. We will evaluate each case based on the information in the case record.

2002 SSR LEXIS 1 at *14-15. Plaintiff here did not even attempt to make a demonstration that "the combination of impairments is equivalent in severity to a listed impairment." Id.

Plaintiff argues as well that the ALJ erred at step four by failing to sufficiently discuss the effect of obesity in combination with other impairments in formulating the residual functional capacity ("RFC") determination. Here, however, Plaintiff concedes that the ALJ made this statement: "The claimant's obesity has also been considered in determining the above residual functional capacity, pursuant to SSR 02-1p." (Tr. 829.) Now, Plaintiff argues that the ALJ erred because this is not "articulated discussion." (Pl.'s Br. 24.) Plaintiff does not however, cite any definition of "articulated discussion," nor authority for the proposition that "articulated discussion" is required.

6

Furthermore, at step four, the ALJ presented almost seven single-spaced pages of detailed discussion of the evidence in support of the RFC determination. Plaintiff makes scant reference to anything the ALJ did write, but vaguely argues, without definitions or supporting authority, that it is not a sufficiently articulated discussion. The Court finds no basis to conclude that the ALJ's discussion at step four is legally insufficient.

Plaintiff has failed to persuade this Court that the ALJ erred in her decision, or that Plaintiff was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

        s/ Stanley R. Chesler  
        STANLEY R. CHESLER, U.S.D.J.

Dated: November 10, 2020